WELMON WALKER, JR. AND NEDRA K. WALKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walker v. Commissioner
Docket No. 9604-88
United States Tax Court
T.C. Memo 1989-411; 1989 Tax Ct. Memo LEXIS 409; 57 T.C.M. (CCH) 1222; T.C.M. (RIA) 89411; August 9, 1989
*409 Welmon Walker, Jr. and Nedra K. Walker, pro se. Robert P. Crowther, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: This case is before the Court on respondent's motion to dismiss for lack of prosecution under Rule 123(b). [1]
Respondent determined deficiencies and additions to petitioners' Federal income tax as follows: Additions To Tax Under Sections
Calendar Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1982
$ 4,450.00
$ 1,110.25
$ 370.90
*
1983
4,233.00
954.25
326.05
*
1984
2,787.00
563.50
235.20
*
Petitioners filed their Federal income tax returns for the years at issue in May 1986. In May 1987, respondent notified petitioners that such returns were under examination. In July 1987, a representative of petitioners met with respondent's examining agent, but did not provide any support for specific items under examination *410 by respondent. In October 1987, respondent sent a letter to petitioners and a copy to their representative requesting the production of documents and records to support the items under examination. On February 23, 1988, respondent mailed petitioners a notice of deficiency, determining the deficiencies and additions to tax set forth above. On May 9, 1988, petitioners filed a petition pro se in this case, designating Anchorage, Alaska, as the place of trial. At the time the petition was filed, petitioners resided in Fairbanks, Alaska. Sometime thereafter, petitioners made available to respondent a large volume of materials, without providing any explanations to render the materials meaningful. On January 13, 1989, the parties were served with the Court's Notice of Setting Case for Trial (Notice) on June 19, 1989, as well this Court's Standing Pre-Trial Order. The Notice states in bold print: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." On June 14, 1989, respondent's counsel was contacted by telephone by an individual named Dick Grossman. Mr. Grossman indicated that he was associated with an accounting firm which handled certain *411 tax matters on behalf of petitioners. Mr. Grossman also indicated that petitioners were now living in Hawaii. Petitioners never notified the Court of the change in their address. Respondent's counsel informed Mr. Grossman that the case was set to be called for trial in Anchorage on June 19, 1989, and that respondent expected to go forward with the trial of the case at such time. At the request of respondent's counsel, Mr. Grossman provided several telephone numbers at which petitioners could possibly be reached. Respondent attempted to contact petitioners several times, and was finally able to speak with petitioner Welmon Walker, Jr. by telephone on June 18, 1989. In such telephone conversation, Mr. Walker indicated that he was aware of the trial scheduled in this case, but that his representatives from Advanced Tax Representation were handling the matter for him. When this case was called for trial at the scheduled date, time, and location, there was no appearance by or on behalf of petitioners. On June 23, 1989, respondent filed the instant motion to dismiss for petitioners' failure to properly prosecute this case under Rule 123(b). Also, on June 23, we ordered that petitioners *412 had until July 24, 1989, to respond to respondent's motion. On July 14, 1989, petitioners filed an objection to respondent's motion. Petitioners' basis for their objection may be summarized as follows: (1) Advanced Tax Representation was acting under petitioners' power of attorney, and assured petitioners that this matter was being handled properly. Petitioners also contend that their petition was prepared by Advanced Tax Representation. (2) The materials provided to respondent were not disorganized, and petitioners are "willing to provide explanations that would make those records meaningful." (3) Advanced Tax Representation acted in an irresponsible and deceptive manner, and have since been dismissed by petitioners. Petitioners allege that Mr. Grossman stated on June 13, 1989, that the firm would have to file for bankruptcy because of the mismanagement of the firm's cases in Alaska. Rule 123(b) provides in pertinent part: (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the *413 petitioner. * * * Dismissal of a case is a sanction resting in the discretion of the trial court. . It is well settled that a taxpayer's failure to appear at trial can result in a dismissal of the action against him for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. ; , affd. without published opinion . Petitioners contend that Advanced Tax Representation prepared their petition in this case. However, petitioners signed the petition as pro se taxpayers, and no representative entered an appearance on petitioners' behalf at any time during the pendency of this case. Petitioners never notified the Court of the change in their address from Fairbanks, Alaska, to Hawaii, as required by Rule 21(b)(4). Nor did they ever request that the place of trial be changed. See Rule 140(c). Petitioners' willingness to provide explanations for the materials supplied to respondent at this late *414 date is too little and too late. Official notice of trial was mailed to petitioners warning them 5 months beforehand that their failure to appear might result in dismissal of their case and entry of decision against them. Further, petitioners state in their objection to respondent's motion that Mr. Grossman of Advanced Tax Representation advised them on June 13, 1989, that "the firm would have to file [for] bankruptcy because of the mismanagement of the firm's cases in Alaska." This case was called for trial almost a week later on June 19, 1989. Accordingly, petitioners had a sufficient opportunity to arrange to be at trial, to request a continuance, or to take other appropriate actions, which they failed to do. We find petitioners' purported reliance upon Advanced Tax Representation to be an unacceptable excuse for their failure to meet their obligation to appear at trial. Cf. . In light of the foregoing, we grant respondent's motion to dismiss this case for petitioners' failure to properly prosecute. An appropriate order of dismissal and decision will be entered. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue.↩
*. 50 percent of the interest due on the deficiency.↩