JAMES WM DERRY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Derry v. Commissioner
Docket No. 994-89
United States Tax Court
T.C. Memo 1990-455; 1990 Tax Ct. Memo LEXIS 500; 60 T.C.M. (CCH) 591; T.C.M. (RIA) 90455; August 23, 1990, Filed *500 An appropriate order and decision will be entered. James Wm Derry, pro se. Stephen P. Baker, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on respondent's motions To Dismiss For Failure to Properly Prosecute and for Damages Under Section 6673. For reasons stated below, we grant both motions. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined that petitioner did not timely file a Federal income tax return for 1986. Respondent determined a deficiency in petitioner's Federal income tax for 1986 in the amount of $ 1,280, and additions to tax as follows: Year
Sec. 6651
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec. (6654)
1986
$ 320
$ 64
*
$ 61.92
*502 The issues raised by the petition and answer are: 1. Whether respondent's deficiency determination for petitioner's taxable year 1986 is correct. 2. Whether petitioner's allocable share from GV Enterprises partnership of $ 11,047 should be included in income under section 61. 3. Whether petitioner should be allowed a personal exemption of $ 1,080 under section 151. 4. Whether petitioner is liable for additions to tax for 1986 for: (a) failure to file returns under section 6651(a)(1); (b) negligence or intentional disregard of the rules and regulations under section 6653(a)(1)(A) and (B); and (c) failure to pay estimated tax under section 6654. 5. Whether petitioner is liable for a penalty under section 6673 for instituting and maintaining this action primarily for delay. Petitioner resided in Anchorage, Alaska when he filed his petition. Failure to Properly Prosecute
Rule 123(b) provides, "For failure of a petitioner properly to prosecute * * * or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner." Dismissal of a case is a sanction resting in the discretion of the trial *503 court. Levy v. Commissioner, 87 T.C. 794, 803 (1986). It is well settled that a taxpayer's unexcused failure to appear at a trial and failure to participate in any meaningful way in the resolution of the case can result in a dismissal of the action against him for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. Basic Bible Church v. Commissioner, 86 T.C. 110, 112 (1986); Brooks v. Commissioner, 82 T.C. 413 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985); Freedson v. Commissioner, 67 T.C. 931 (1977), affd. 565 F.2d 954 (5th Cir. 1978); Walker v. Commissioner, T.C. Memo. 1989-411. Respondent determined that petitioner failed to file a return for 1986. Without input from petitioner, respondent determined petitioner's tax liability on the basis of information reported by third party payers on Forms 1099 and K-1, with one personal exemption and the filing status of married filing separately. In 1985, prior to the filing of this petition, petitioner had notified respondent that he had resigned from *504 the Social Security system and claimed immunity from the system as an American Freeman. In his petition, petitioner stated that he had rescinded his taxpayer identification number and that any use of the number was for purposes of document control only. He asserted that respondent abridged his Constitutional rights by examination of his tax liability. He claimed that his right of due process under the Fifth Amendment had been violated. He also demanded a jury trial. He further alleged he was denied due process by not being provided with competent affordable representation in his case. In his petition, petitioner claimed he had evidence to prove: (1) a lesser amount of gross income than that determined by respondent; and (2) additional deductions and credits not allowed by respondent. During pretrial discovery, petitioner was uncooperative and provided no documentation to support his income amount or entitlement to any credits or deductions. Instead, petitioner submitted letters to respondent, dated March 12, 1987, January 6, 1988, and August 3, 1988, asking a battery of standard tax protester questions, including: "Am I a person who is required to file a federal income tax *505 form 1040?" "Is the paying of the federal income tax a voluntary act or is it mandatory?", and "What is the definition of the word income?" Since the filing of his petition, petitioner has continued to use discredited tax protester theories in an obvious attempt to delay the assessment of respondent's deficiency. He has claimed that he was denied due process under the Fifth Amendment to the Constitution, and that his Constitutional rights have been abridged. Petitioner was served on January 17, 1990, with the Court's notice setting this case for trial. This notice prominently states in capital letters that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Respondent's attempts to meet with petitioner to commence discovery by letters of January 30, 1990, and May 11, 1990, and a phone message left on petitioner's answering machine on June 4, 1990, remained unanswered by petitioner. The May 11, 1990, letter from respondent's counsel also included a warning of the possibility of sanctions under section 6673 and a reminder of the Court's Pretrial Order. Notwithstanding the Court's Pretrial Order and respondent's communications to *506 petitioner, no appearance was made by or on behalf of petitioner when this case was called for trial. Petitioner gave no reason for his failure to appear. He made no request for continuance. We can only conclude that petitioner's failure to appear at the call of his case was intentional. In light of the above, we grant respondent's motion to dismiss this case for failure to properly prosecute. Imposition of a Penalty Under Section 6673
At trial, respondent filed a motion for damages (now called a penalty) under section 6673. For positions taken before 1990, section 6673 enables this Court to award damages up to $ 5,000 where the proceedings instituted by the taxpayer are primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available administrative remedies. Sec. 6673(a); Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988); Hansen v. Commissioner, 820 F.2d 1464 (9th Cir. 1987); Brock v. Commissioner, T.C. Memo. 1990-197. For positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date, the Court *507 may award a penalty not in excess of $ 25,000 in these proceedings. Sec. 6673(a)(1); Singer v. Commissioner, T.C. Memo. 1990-222. It appears to the Court that each of the reasons set forth in section 6673(a)(1) for applying sanctions is applicable in this case. On the basis of the entire record, the Court concludes that petitioner's position, failure to be present at trial and offer any evidence to disprove any of the issues raised by the notice of deficiency, and reliance on worn-out tax protester-type arguments that have been consistently rejected by this Court, was frivolous and groundless and that he instituted these proceedings primarily for purposes of delay. Petitioner has wasted the resources of this Court by making these frivolous, tax protester-type arguments. Under these circumstances, we require petitioner to pay to the United States a penalty in the amount of $ 1,000. An appropriate order and decision will be entered. Footnotes
*. 50 percent of the interest due on $ 1,280.↩