THOMAS J. NIEDZIALEK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Niedzialek v. Commissioner
Docket No. 13779-89
United States Tax Court
T.C. Memo 1990-482; 1990 Tax Ct. Memo LEXIS 537; 60 T.C.M. (CCH) 702; T.C.M. (RIA) 90482; September 10, 1990, Filed *537 An appropriate order and decision will be entered. Thomas J. Niedzialek, pro se. Kay Hill and Stephen P. Baker, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on respondent's motions To Dismiss For Failure to Properly Prosecute and for Damages Under Section 6673. For reasons stated below, we grant both motions. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined that petitioner did not timely file a Federal income tax return for 1985, 1986, or 1987. Without input from petitioner, respondent determined petitioner's tax liability *539 for the years at issue on the basis of Forms W-2 and 1099. Respondent determined deficiencies in petitioner's Federal income tax for 1985, 1986, and 1987 in the amounts of $ 8,692, $ 1,082, and $ 694, respectively; and additions to tax as follows: Sec.
Sec.
Sec.
Sec.
Year
6651
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
1985
$ 2,173.00
$ 434.60
*
1986
270.50
-
-
54.10
1987
173.50
-
-
34.70
Sec.
Sec.
Sec.
Year
6653(a)(1)(B)
6654
6661
1985
$ 497.57
$ 2,173
1986
*
52.35
1987
*
35.91
In his petition, petitioner claims that he was employed for wages, and such wages are an equal exchange for labor and not taxable. He also claimed that he incurred expenses for which he should be allowed deductions. The issues raised by the petition and answer are: 1. Whether respondent's deficiency determinations for petitioner's taxable years 1985, 1986, and 1987 are correct. 2. Whether *540 petitioner is liable for additions to tax for the years in question for: (a) failure to file returns under section 6651(a)(1); (b) negligence or intentional disregard of the rules and regulations under section 6653(a)(1) and (2) for 1985 and section 6653(a)(1)(A) and (B) for 1986 and 1987; and (c) failure to pay estimated tax under section 6654. 3. Whether petitioner is liable for an addition to tax under section 6661 for 1985 for substantially understating his income tax. 4. Whether petitioner is liable for a penalty under section 6673 for instituting and maintaining this action primarily for delay. Petitioner resided in Soldotna, Alaska when he filed his petition. Failure to Properly Prosecute
Rule 123(b) provides, "For failure of a petitioner properly to prosecute * * * or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner." Dismissal of a case is a sanction resting in the discretion of the trial court. Levy v. Commissioner, 87 T.C. 794, 803 (1986). It is well settled that a taxpayer's unexcused failure to appear at a trial and failure to participate in any meaningful *541 way in the resolution of the case can result in a dismissal of the action against him for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. Basic Bible Church v. Commissioner, 86 T.C. 110, 112 (1986); Brooks v. Commissioner, 82 T.C. 413 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985); Freedson v. Commissioner, 67 T.C. 931 (1977), affd. 565 F.2d 954 (5th Cir. 1978); Walker v. Commissioner , T.C. Memo. 1989-411. Prior to the trial of this case respondent made numerous attempts to discuss the case with petitioner to prepare for trial. Petitioner either did not respond or his responses were in keeping with tax protester tactics. For example, respondent sent a letter dated November 28, 1988, requesting information concerning petitioner's 1985, 1986, and 1987 taxable years. Petitioner responded by letter dated December 6, 1988, stating that he was not required to file as he was not and had not been involved in revenue taxable activity. By letter dated January 12, 1989, respondent sent petitioner a report reflecting all *542 taxable income received by petitioner as reported by payors. Petitioner's response, dated January 21, 1989, was a request for all sections of the Internal Revenue Code that allowed respondent to impose an indirect or excise tax against petitioner. Respondent provided petitioner with copies of Internal Revenue Notice 555 and section 6020 to explain the filing requirements under section 6012. Petitioner responded by demanding copies of sections of the Internal Revenue Code that authorized the Internal Revenue Service to impose tax on him. Respondent then issued a statutory notice of deficiency. Petitioner's petition alleges that respondent erred in including in taxable income amounts received by him as wages because such wages constituted an equal exchange for labor and therefore did not result in a taxable gain. Petitioner then submitted a request to respondent under the Freedom of Information Act. Respondent denied the request. By letter dated August 31, 1989, respondent invited petitioner to a conference to discuss possible settlement of the case. Petitioner did not respond to the letter. On December 8, 1989, respondent's counsel wrote petitioner to schedule a meeting *543 to discuss the case and notify petitioner that the issue raised in his petition had been denied by the Court numerous times as frivolous. The letter also warned of possible damages under section 6673. Petitioner advised respondent that he refused to meet with respondent in Anchorage because he could not afford to fly to Anchorage, and that the roads were too dangerous to drive. Respondent's counsel then offered petitioner the opportunity to discuss his case by telephone and to submit any documents he wished to be considered at the Soldotna Internal Revenue Service office. The parties conferred by telephone on February 13, 1990. At that time, petitioner refused to provide any information concerning his exemptions or deductions unless respondent's counsel came to Soldotna and met with him in person. Being unable to do so at that time because of illness, respondent's counsel again asked for specific information necessary to consider petitioner's case, and again warned petitioner of possible damages under section 6673 for maintaining his frivolous position. Petitioner did not respond. On February 23, 1990, respondent sent petitioner a copy of a proposed stipulation of facts; however, *544 petitioner did not respond. Petitioner has made document and informational requests geared to his tax protester theories, and has essentially done nothing to ascertain or prove his tax liability for 1985 through 1987. On January 17, 1989, petitioner was served with the Court's notice setting this case for trial. This notice prominently states in capital letters that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Notwithstanding this notice, no appearance was made by or on behalf of petitioner. Petitioner offered no reason for his failure to appear. Petitioner made no request to continue this case. In light of the foregoing, respondent's motion to dismiss for failure to properly prosecute will be granted. Imposition of a Penalty under Section 6673
At trial, respondent filed a motion for damages (now called a penalty) under section 6673. For positions taken before 1990, section 6673 enables this Court to award damages up to $ 5,000 where the proceedings instituted by the taxpayer are primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available *545 administrative remedies. Sec. 6673(a); Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988); Hansen v. Commissioner, 820 F.2d 1464 (9th Cir. 1987); Brock v. Commissioner, T.C. Memo. 1990-197. For positions taken after December 31, 1989, in proceedings which are pending on or commenced after such date, the Court may award a penalty not in excess of $ 25,000 in these cases. Sec. 6673(a)(1); Singer v. Commissioner, T.C. Memo. 1990-222. It appears to the Court that each of the reasons set forth in section 6673(a)(1) for applying sanctions is applicable in this case. On the basis of the entire record, the Court concludes that petitioner's failure to be present at trial and offer any evidence to disprove any of the issues raised by the notice of deficiency, and his reliance on worn out tax protester-type arguments that have been consistently rejected by this Court, were frivolous and groundless and that he instituted these proceedings primarily for purposes of delay. Petitioner was placed on notice by two letters from respondent advising petitioner of the potential for a penalty under section 6673. Petitioner has wasted *546 the resources of this Court by making these frivolous, tax protester-type arguments. Under these circumstances, we require petitioner to pay to the United States a penalty in the amount of $ 3,000. An appropriate order and decision will be entered. Footnotes
*. 50 percent of the interest due on the deficiency.↩